# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.  **SACV 14-0454-JLS (RNBx)**                              Date: **September 10, 2014**

Title: **Fabiola Villalvazo, et al. v. Borba Investment Realty, Inc., et al.**

**DOCKET ENTRY**

PRESENT:

**HON. ROBERT N. BLOCK, UNITED STATES MAGISTRATE JUDGE**

| Kerri Hays | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:            ATTORNEYS PRESENT FOR DEFENDANTS:
           None present                                                                  None present

**PROCEEDINGS:  (IN CHAMBERS)**

## Plaintiffs' Motion to Compel Discovery (D.E. #25)

Having duly considered the parties' respective contentions in the Joint Stipulation, as well as plaintiffs' Supplemental Memorandum, the parties are advised that the Court does intend to follow the lead of the Magistrate Judge in Zuniga.  See also Sanders v. Edge Holdings, 2012 U.S. Dist. Lexis 27090, at *5-*6 (S.D. Cal. Mar. 1, 2012) (ordering, in FHA case, disclosure of names and addresses, but not telephone numbers of tenants subject to conditions limiting nature of contact).

The Court notes, however, that the judge in Zuniga did order the disclosure of the identity of (a) each employee or agent who assisted in the management or operation of the subject rental premises since January 1, 2008, (b) each person who applied for rental of a unit at the subject premises during the same time period, and (c) each family with one or more minor children who occupied a unit at the subject rental premises during the same time period, with the only caveat being that no telephone numbers needed to be disclosed.

Further, the judge in Zuniga ordered the production of the following documents from the tenant files for each tenant who resided at the subject rental premises during that same time period:

> "(1) tenant applications from which everything other than the following information may be redacted: names of tenants/proposed tenants, contact information except telephone numbers, birth years of all proposed occupants, number of intended occupants, any description of marital/family status (e.g., whether proposed occupants have children, number of children,

MINUTES FORM 11                                                                                    Initials of Deputy Clerk      klh
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: SACV 14-0454-JLS (RNBx)            September 10, 2014
**Fabiola Villalvazo, et al. v. Borba Investment Realty, Inc., et al.**      Page 2

---

age of children, etc.); (2) lease/rental agreements; (3) documents sufficient to reflect the amount of rent charged, any changes in the amount of rent charged, and the date(s) of any such changes; (4) documents sufficient to reflect the substance of any household rules of which the tenants were notified, including any changes to such rules, and the date(s) of any such notices/changes; (5) any complaints against the tenant relating to children, noise, use of common areas, or curfews; (6) documents sufficient to reflect the date(s) and substance of any warnings/notices communicated to tenants relative to any complaints or alleged violations of household rules involving children, noise, use of common areas, or curfews; (7) documents sufficient to reflect the date(s) and nature/amount of any penalties imposed upon tenants for any alleged violations of household rules involving children, noise, use of common areas, or curfews; (8) documents sufficient to reflect whether any other action (e.g., eviction, lawsuit, etc.) was taken against the tenant based upon complaints/alleged violations of household rules involving children, noise, use of common areas, or curfews."

The judge in <u>Zuniga</u> also ordered the production of "documents sufficient to reflect the names and last known address of tenants who resided at the subject rental premises at any time from March 2011 to the present and who moved out."

The judge in <u>Zuniga</u> also ordered the production for the same time period: "(1) rosters of tenants who occupied the subject rental premises at any time since March 2011; and (2) documents containing any reference/description of any such roster of tenants relating to tenant age(s), marital status, family status (e.g., whether tenants have children, number of children), or tenant activities relative to noise, use of common areas, or curfews."

The judge in <u>Zuniga</u> also ordered the production of the following documents for the time period since April 1, 2008:
"all nonprivileged documents that constitute, describe, reflect, record, mention, comment upon, or otherwise refer to any complaint regarding the operation or management of the subject rental premises relative to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: SACV 14-0454-JLS (RNBx)  September 10, 2014
**Fabiola Villalvazo, et al. v. Borba Investment Realty, Inc., et al.**  Page 3

---

children/tenants with children, noise, use of common areas or curfews, made by any tenant at any time since March 2011."

However, to the extent that the Zuniga judge's order directed the defendants to produce information regarding third parties, the judge imposed the following conditions on plaintiffs and their counsel:

"Plaintiffs/plaintiffs' counsel may only contact such third parties in writing (mail/email) to inform the third parties that plaintiffs/plaintiffs' counsel wishes to talk to them about this lawsuit and provide contact information for plaintiffs' counsel/plaintiffs' counsel's investigator. The writing shall make clear that those contacted are under no obligation whatsoever to respond in any manner to the writing. In the event any such third party thereafter does respond and indicates that he/she is willing to communicate with plaintiffs' representative(s) in another fashion (e.g., telephonically), plaintiffs/plaintiffs' counsel/plaintiffs' counsel's investigator may do so."

If, prior to the September 23, 2014 hearing, counsel lodge with the Court a stipulation that comports with Zuniga and that they agree is dispositive of this discovery dispute, it will not be necessary for counsel to appear on September 23, 2014. Otherwise, it will be necessary for counsel to appear. The purpose of counsel's appearance will not be to afford them the opportunity to reargue whether the Court should follow Zuniga; the Court already has decided to do so. Rather, the purpose of their appearance on September 23, 2014 will be to meet and confer under the Court's auspices regarding the terms of the order to be issued by the Court.